UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WILLIAM REBMAN,

        Petitioner,                      Case Number: 2:09-CV-10173

v.                                          HON. GEORGE CARAM STEEH

NICK LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR STAY,
DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Donald William Rebman has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan, challenges his conviction for domestic violence, third offense. Also before the Court is Petitioner's "Motion to Stay or Hold in Abeyance Proceedings Pending Exhaustion of Petitioner's Motion for Relief from Judgment." The Court concludes that Petitioner fails to show that a stay is appropriate in this case and denies the motion. The Court further concludes that the petition presents no grounds on which habeas relief should be granted and denies the petition.

**I.**

Petitioner's conviction arises from the assault of Paula Krysinski on September 14, 2005. Christina Sanchez-Rollinson testified that she was employed by the Oakland County Sheriff's Office in the dispatch center and received a 911 call at approximately 7:00 p.m., from a woman screaming that she had been struck by her boyfriend. A tape recording of the 911 call was

played for the jury.

Police officer Craig Scherbarth testified that he is employed by the Wixom Police Department and responded to a 911 call on September 14, 2005. He testified that the voices other than the operator heard on the 911 call were those of Paula Krysinski and himself. He further testified that, when he arrived at the scene, Krysinski seemed upset and nervous. Krysinski told Officer Scherbarth that Petitioner had been drinking, slapped her in the face and then left in her vehicle. That night, Krysinski wrote out a statement in which she stated that Petitioner struck her in the face because he had been drinking. Officer Scherbarth acknowledged that Krysinski later recanted her story.

Paula Krysinski testified for the defense. She testified that she fabricated the original story she told to the police simply because she wanted Petitioner out of her home. She believed the only way to solicit law enforcement's help in removing Petitioner from her home was to say that he had been violent. She testified that he did not slap her.

Petitioner did not testify in his own defense.

## II.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of domestic violence, third offense. On June 6, 2006, he was sentenced to one to fifteen years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising the following claim:

> The trial court erred by allowing admission of the 911 tape and the alleged victim's written statement.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Rebman*, No.

272729 (Mich. Ct. App. Sept. 20, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Rebman*, No. 135213 (Mich. Jan. 22, 2008).

Petitioner filed the pending petition on January 7, 2009. Respondent filed an answer on July 21, 2009. Petitioner filed a motion to stay on August 12, 2009.

### III.

Petitioner filed a "Motion to Stay or Hold in Abeyance Proceedings Pending Exhaustion of Petitioner's Motion for Relief from Judgment." Petitioner states that he "plans to bring claims that are not barred and meet the requirements for filing such a Motion [for relief from judgment]." Motion at 1-2

The Supreme Court has approved the "stay-and-abeyance" procedure Petitioner asks this Court to apply to his petition, but the Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court recognized that the "stay-and-abeyance" procedure addresses the problem presented when a petitioner files a timely but mixed petition in federal district court and the district court dismisses it under the rule requiring total exhaustion after the limitations period expires. Because the filing of a petition for habeas corpus in federal court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition would be untimely. Recognizing the "gravity of this problem," the Supreme Court held that a federal court may stay a petition in federal court to allow the petitioner to present unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for

3

his failure to present the claims in state court, that the unexhausted claims are not "plainly meritless," and that the petitioner has not engaged in intentionally dilatory tactics. *Id.*

This is not a "mixed petition" case involving exhausted and unexhausted claims. The Court is not required to dismiss or stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir.1984). Because this case does not involve a "mixed petition," the stay-and-abeyance procedure is inapplicable. *Accord Lee v. Wilson*, 2008 WL 1775523, *4 (N.D. Ohio Apr 16, 2008). Additionally, even if the stay-and-abeyance procedure were applicable, Petitioner has not shown that he could satisfy the requirements of *Rhines*. Petitioner fails to identify the additional claims he wishes to raise in state court. Therefore, he has failed to show that they are not plainly meritless.

### IV.

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

### V.

Petitioner presents a single claim for habeas corpus relief. He argues that his rights under the Confrontation Clause were violated in two instances: (i) when the trial court admitted a tape recording of the 911 call made by Paula Krysinski; and (ii) when the trial court admitted

Krysinski's statement to police.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965). The rights of confrontation and cross-examination "have ancient roots" which the "Court has been zealous to protect . . . from erosion." *Id.*, at 404-05 (internal quotation omitted). The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'" *Id.* at 405, *quoting Turner v. State of Louisiana*, 379 U.S. 466, 472-73 (1965).

In *Crawford v. Washington*, 541U.S. 36, 68 (2004), the Supreme Court held that out-of-court statements that are testimonial in nature are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination regardless of whether the trial court finds the statements to be reliable. While the Supreme Court declined to "spell out a comprehensive definition of 'testimonial,'" the Court has recently held that, under certain circumstances, a conversation between a 911 caller and the operator was non-testimonial. *Davis v. Washington*, 547 U.S. 813, 830 (2006).

The Michigan Court of Appeals denied Petitioner's claim, stating, in relevant part:

In *People v. Crawford*, 541 U.S. 36 (2004), the United States Supreme Court . . . articulated a bright-line rule against the admission of custodial statements by a nontestifying witness against a criminal defendant. The Court held that the Confrontation Clause bars "admission of testimonial statements of a witness who

> did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford, supra* at 53-54.
>
> * * *
>
> Here, defendant challenges the introduction of the statements complainant made during the 911 call when initially seeking help, and the oral and written statements she later made to the police officer. Defendant's reliance on *Crawford, supra*, and *Davis, supra*, is misplaced. One fundamental difference exists. Somewhat unusually, complainant was defendant's sole witness at trial. She testified that she had lied to police about defendant striking her. She maintained that she did so because she wanted the police to remove him from her home due to his drinking and suicide attempts. The police had told her during an earlier call that they could not interfere unless she claimed that he had assaulted her. She also stated that shortly after the incident she wrote letters to the police and assistant prosecutor apologizing for the trouble, and stating that her initial report was not truthful. Thus, unlike the circumstances in *Crawford, supra*, and *Davis, supra*, complainant was present at trial and actually testified. "[W]e reiterate that, when declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Crawford, supra* at 59, n.9. Here, while the circumstances were somewhat unusual, defendant had ample opportunity to question complainant at trial about her previous statement and present her explanation to the jury. We thus find that defendant's right to confrontation was not violated.

*Rebman*, slip op. at 2-3.

As the Supreme Court has explained, "none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial." *California v. Green*, 399 U.S. 149, 161 (1970). On the contrary, "where the declarant is not absent, but is present to testify and submit to cross-examination, our cases, if anything, support the conclusion that the admission of [the witness's] out-of-court statements does not create a confrontation problem." *Id.* at 162. As noted by the Michigan Court of Appeals, this rule survives *Crawford*. *Crawford*, 541 U.S. at 59 n. 9. Accordingly, the Court concludes that Petitioner is not entitled to habeas relief on this claim.

7

## VI.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See Id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997) *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the Court will deny a certificate of appealability.

## VII.

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Stay or Hold in Abeyance Proceedings Pending Exhaustion of Petitioner's Motion for Relief from Judgment" [dkt. # 8] and a certificate of appealability are **DENIED**.

Dated: September 10, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 10, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk